```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

ADRIANA AYALA                    :

                                         :

    v.                           : Civil Action No. DKC 2007-0100

                                         :

FOOD LION, LLC                   :

                                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the unopposed motion of Food Lion, LLC to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] For the following reasons, the motion will be granted.

**Background**

Plaintiff filed a complaint in the District Court of Maryland for Montgomery County, seeking $2,100 from Defendant. The complaint alleges:

> I worked for 3½ years at Food Lion Company with a full time job. I was mistreated and harassed after the company changed its name to Bloom. I know I had a profit-sharing that I can get after 5 years and 1,000 hours of working, but because of the problems I had . . . quit. I was told that I wasn't a Bloom person.

Attached to the complaint are personal progress statements for Plaintiff showing a date of hire of April 7, 2003 and a date of

---

[1] Adriana Ayala, who is proceeding *pro se*, was notified by the clerk of the pendency of the motion and of the opportunity for a response. See paper 13. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

termination of October 8, 2006, and showing a vested balance in the Profit Sharing and Retirement Plan of $0.00.

Defendant contends that, by Plaintiff's own pleading, she has shown that she is not entitled to relief because she did not work at Food Lion for the necessary five years.  Defendant has attached to its motion the Summary Plan Document for the Profit-Sharing and Retirement Plan of Food Lion, LLC.  In several places, it establishes that an employee does not have a vested benefit until she has five 1,000 hour years of service.  One specific provision, in ¶ 12 reads as follows:

> If you leave your job with the Company, for a reason other than death or disability, before you are eligible to retire and you have fewer than five(5) 1,000 hour Years of Service, none of your benefit will be vested.

**Standard of Review**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  When ruling on a motion to dismiss, the court must consider well pled allegations in a complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  In addition, "a court may consider not only allegations of the complaint but also documents referred to in the complaint and relied upon by plaintiff in bringing the action.

2

*Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md. 2000); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)." *Jordan v. Washington Mut. Bank*, 211 F.Supp.2d 670, 674 (D.Md. 2002). Allegations are to be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *as recognized by Davis v. Scherer*, 468 U.S. 183 (1984). Courts need not, however, assume the truth of legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

**Analysis**

While Plaintiff may think her treatment was unfair and that she resigned because of that mistreatment, it still remains that she did not work for the minimum time necessary to be eligible for the benefits she seeks. Nor can she state an ERISA violation unless, possibly, her termination was deliberately orchestrated by Defendant to deprive her of the benefits:

> ERISA permits plans that do not vest until the passage of ten years but the statute in no way guarantees employees in those plans ten-year employment contracts. To prove that they were discharged to prevent vesting of pension rights, plaintiffs must prove that the motivating factor in their discharge was to prevent such vesting. Plaintiffs must show that defendant terminated their employment with the "specific intent" to interfere with their rights under the pension plan. *See Watkinson v. Great Atl. & Pac. Tea Co., Inc.*, [585 F.Supp. 879, 882 (E.D.Pa. 1984)] *supra* at 883. Plaintiffs need not show that intent to

3

>
> deprive of pension rights was the employer's sole consideration, only that it was a motivating factor. *See Titsch v. Reliance Group Inc.*, 548 F.Supp. 983, 985 (S.D.N.Y.1982), *aff'd.*, 742 F.2d 1441 (2d Cir.1983).

*Reilly v. Prudential Property and Cas. Ins. Co.*, 653 F.Supp. 725, 734 (D.N.J. 1987). The complaint does not contain sufficient allegations of such a motivation. Thus, the complaint fails to state a claim upon which relief can be granted and it will be dismissed by separate order.

                                   _____/s/_____
                                   DEBORAH K. CHASANOW
                                   United States District Judge